

**ORDERED in the Southern District of Florida on June 25, 2021.**

_____
**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                            Case No. 21-15555-BKC-EPK

PALM BEACH RESORT AND BEACH CLUB          Chapter 11
CONDOMINIUM ASSOCIATION, INC.,

         Debtor-in-Possession.
_____/

**ORDER (I) ESTABLISHING
CERTAIN NOTICE AND SERVICE PROCEDURES; (II) SETTING BAR
DATES FOR FILING PROOFS OF CLAIM AND PROOFS OF OWNER OF UNIT WEEK
INTEREST;(III) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF
CLAIM AND PROOFS OF OWNER UNIT WEEK INTEREST, AND
(IV) APPROVING NOTICE THEREOF**

**THIS MATTER CAME** before the Court on June 16, 2021 at 1:30 p.m. in West Palm

Beach, Florida upon the _Debtor's Expedited Motion to (A) Establish Certain Notice and_

_Service Procedures; (B) Establish Bar Dates for Filing Proofs of Claim and Proofs of Owner_

_of Unit Week  Interest; (C) Approve the Form and Manner for Filing Proofs of Claim and Proofs_

_of Owner of Unit Week interest; and (D) Approve Notice Thereof Upon (the "Motion") [ECF #_

*11] filed by the captioned debtor-in-possession* (the "Debtor").  The Court, having reviewed the Motion, having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and having heard argument of counsel and any objections at the hearing on the Motion finds good cause to grant the Motion for the reasons stated on the record at the Hearing.

Accordingly, the Court hereby **ORDERS** as follows:

1.      The Motion is **GRANTED** as set forth herein.

**I. Notice and Service Procedures**

2.      The Debtor is authorized to provide notice of pleadings filed, notices issued, and orders entered by electronic mail to those parties who provide written consent to service by electronic mail.

3.      The Debtor shall serve this Order upon all creditors and interested parties by U.S. Mail or by other reliable method of international mail delivery for parties whose address is outside the United States, or by electronic means as set forth below.

4.      <u>Service By Electronic Means</u>:

a.  The Debtor shall send to all parties in interest entitled to notice (the "Parties") an e-mail (if the Debtor has an email address for such Party) with Notice of Meeting of Creditors and affording the Parties an opportunity to consent to receiving service by electronic mail (the "Service E-Mail").

b.  Any party in interest, including without limitation, any Owner of Unit Week or Defect Party, that wishes to consent to receiving service by electronic mail shall contact counsel for the Debtor to request notice by electronic e-mail by either (1) responding to the Service E-Mail indicating their consent to such service and enumerating any alternative electronic mailing address to which they wish to receive service; (2) sending an e-mail to <u>pbrbankruptcy@gmail.com</u> request notice by electronic mail; or (3) or filling a form consent to E-mail Service on the Website, indicating their consent to such service and enumerating any alternative electronic mailing address to which they wish to receive service.

c. For any party that does not respond to the Service E-mail within five (5) calendar days of its service, the Debtor shall send out a mailing (the "Mailing") which shall include the Notice of Meeting of Creditors, and a copy of this Order and providing an additional opportunity for the Parties to consent to receiving service by electronic mail by sending an email to the following email address: pbrbankruptcy@gmail.com or filling consent to E-mail Service on the Website, indicating their consent to such service and enumerating any alternative electronic mailing address to which they wish to receive service.

d. Any consent to service by electronic mail shall contain the name and e-mail address of the interested party consenting to electronic service and shall constitute consent to service by electronic mail of any and all filed pleadings and documents in the Bankruptcy Case and any and all filed pleadings and documents in any adversary proceeding filed in the Bankruptcy Case, including the complaint, and service of process, for all purposes. On and after the date of such consent, the consenting party shall be served with all appropriate documents and pleadings by electronic mail, provided, however, that such party <u>may</u> be served by any other appropriate method in addition to electronic mail. Debtor's bankruptcy counsel and special counsel shall maintain a list of all parties who have consented to service by electronic mail and shall maintain a continuously updated copy of such list for purposes of service in the Bankruptcy Case.

e. Any interested party who fails to request notice by electronic e-mail shall continue to receive any required and *applicable* pleadings, filings, notices, or orders by regular first-class U.S. Mail or by other reliable method of international mail delivery.

5.    <u>Electronic Attachment of Files</u>. All documents served by electronic mail shall include access to an attached file or files containing the entire document in PDF format or a link to access such PDF documents.

6.    <u>Effective Date of Service</u>. Service by electronic mail on any party who has consented to electronic service shall be effective on the date the document is transmitted by electronic mail to the electronic mailing address of the party being served.

7.    <u>Use of Website</u>. The Debtor is authorized and directed to use the following website for notice purposes: https://www.eisingerlaw.com/palmbeachresort-bankruptcy/ (the "Website"). The purpose of the Website is to provide notice of significant events,

developments, deadlines and documents filed in the Bankruptcy Case to all interested parties. The Debtor shall list on the Website in a conspicuous manner all significant deadlines and other important dates in the Bankruptcy Case. The Debtor may also provide periodic updates on the progress of the Bankruptcy Case by posting the same on the Website.

8.      <u>Publication of Documents on Website</u>. The Debtor shall post on the Website, for public viewing at no cost, important pleadings filed, notices issued, and orders entered in the Bankruptcy Case. Without limiting the foregoing, if requested in writing by any party in interest, the Debtor shall post on the Website any document filed in the docket in the Bankruptcy Case not previously posted on the Website.

**II. The Bar Dates for Filing Proofs of Claim and Proofs of Interest**

9.      Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all Proofs of Claim and Proofs of Owner of Unit Week interest must be filed so that they are actually received on or before **August 25, 2021, at 4:30 p.m.**, **prevailing Eastern Time** (the "General Bar Date"), at the addresses and in the form set forth herein. The General Bar Date applies to all types of claims against the Debtor that arose or are deemed to have arisen before the Petition Date, including, all secured claims, priority claims (other than those owed to governmental units), and all unsecured non-priority claims, except for claims specifically exempt from complying with the General Bar Date as set forth in this Order.

10.      For governmental units holding claims (whether secured, unsecured priority or unsecured non-priority) that arose (or are deemed to have arisen) before the Petition Date must file proofs of claim so that they are actually received by the Court on or before **December 1, 2021, at 4:30 p.m.**, **prevailing Eastern Time** (the "Governmental Bar Date"), including claims for unpaid taxes, whether such claims arose from prepetition tax periods or prepetition transactions to which the Debtor was a party.

11.     In the event the Debtor files a previously unfiled schedule or amend or supplement its schedules of assets and liabilities filed pursuant to Bankruptcy Rule 1007 (collectively, the "Schedules"), the Debtor proposes that the Court establish the later of: (a) the General Bar Date or the Governmental Bar Date, as applicable depending on the claimant, or (b) 4:30 p.m., prevailing Eastern Time, on the date that is 21 days from the date on which the Debtor provides notice of the previously unfiled Schedule or amendment or supplement to the Schedules, as the deadline on or before which claimants holding claims affected by such filing, amendment, or supplement must file Proofs of Claim with respect to such claim so that such Proofs of Claim are actually received by the Court on or before such date (the "Amended Schedules Bar Date").

### III. Parties Required to Submit a Proof of Claim

12.     The following persons or entities holding claims against the Debtor that arose (or that are deemed to have arisen) prior to the Petition Date *must* file a Proof of Claim or Proof of Owner of Unit Week Interest on or before the applicable Bar Date:

(a)     any party that is not listed in part IV below that wishes to assert a claim against the Debtor or Owner of Unit Week interest against the Condominium that arose prior to the Petition Date;

(b)     any entity whose claim against the Debtor is not listed in the Debtor's Schedules and Statements or is listed as "contingent," "unliquidated," or "disputed" and if such entity desires to participate in the Bankruptcy Case or share in any distribution in the Bankruptcy Case;

(c)     any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

(d)     any person or entity who is a tenant in common Owner of Unit Week interest(s) in the Condominium that is/are **not** listed on the website address included in the *Notice of List of Owners of Unit Weeks* or is/are listed and **disagrees** with the Unit number(s) and/or ownership percentage interest(s)

listed on the website address included in the *Notice of List of Owners of Unit Weeks*; and

(e)    any person or entity that has a tenant in common interest in the Condominium, and you have a claim against the Debtor that is not listed in the Debtor's Schedules or if scheduled, you disagree with the amount or the classification of such claim, you must timely file a Claim Form if you wish to assert a claim against the Debtor.

**IV. Parties Who <u>Do Not Need to File</u> Proofs of Claim or Proof of Owner of Unit Week Interest**

13.    The following entities holding claims or interests that would otherwise be

subject to the General Bar Date or Governmental Bar Date **need <u>*not*</u> file** Proofs of Claims or

Proofs of Owner of Unit Week interest:

(a)    any person or entity that already has filed a signed proof of claim against the Debtor with the Clerk of the Court in a form substantially similar to Official Form;

(b)    any person or entity whose tenant in common Owner of Unit Week interest(s) in the Condominium is/are listed on the website address included in the *Notice of List of Owners of Unit Weeks* included in the Proof of Owner of Unit Week Interest Bar Date Notice (defined below), and attached hereto as **Exhibit A,** and such person or entity **does not disagree** with the ownership percentage interest(s) listed on the website address included in such Notice;

(c)    any person or entity whose claim or interest is listed on the Debtor's Schedules and Statements, but only if: (i) such claim or interest is not scheduled as "contingent", "unliquidated" or "disputed"; (ii) the holder of the claim or interest agrees with the amount, nature and priority of the claim or interest as set forth on the Debtor's Schedules and Statements; and (iii) the holder of the claim or interest does not dispute that the claim or interest is an obligation of the Debtor as set forth in the Schedules and Statements;

(d)    a holder of a claim or interest that has been paid in full by the Debtor or any other party;

(e)    any entity whose claim previously has been allowed by order of the Court;

(f)    a holder of a claim for which a specific deadline to file a claim previously has been fixed by the Court;

(g)    a current employee of the Debtor, if an order of this Court authorized the Debtor to honor such claim in the ordinary course of business as a wage,

commission, or benefit; provided, however that a current or former employee must submit a Claim Form by the General Bar Date for all other claims, including claims for deferred compensation, wrongful termination, discrimination, harassment, hostile work environment, retaliation, claims covered by the Debtor's workers' compensation insurance, or any other litigation or pre-litigation claim.

(h)    administrative expense claims for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code; or

(i)    claims asserting administrative priority and arising in the ordinary course of business (**but not**, for the avoidance of doubt, claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code).

## V. Approval of the Claim Form and Owner of Unit Week Interest Form

14.    Each person or entity that asserts a claim against the Debtor that arose before the Petition Date is required to file written Proof of Claim substantially in the form attached hereto as **Exhibit B** (the "Claim Form"), which is based on Official Form 410, and each person or entity that asserts Ownership of Unit Week interest in the Condominium that arose before the Petition Date is required to file a Proof of Interest substantially in the form attached hereto as **Exhibit C** (the "Owner of Unit Week Interest Form")**.**

15.    Holders of claims or interests may choose to submit proofs of claim or proofs of Owner of Unit Week interest in a form substantially similar to the Claim Form or Owner of Unit Week Interest Form as long as it is substantially similar to Official Form 410.

## VI. Substantive Requirements of Proofs of Claim

16. The following requirements shall apply with respect to filing and preparing each Proof of Claim:

(a)    each claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars (and to the extent such claim or interest is converted to United States dollars, the conversion rate used in such conversion); (iii) conform substantially with the Claim Form provided by the Debtor; and (iv) be signed by the holder of the claim or interest or by an authorized agent or legal representative of the holder of the claim or interest;

(b)      each proof of claim other than an electronically submitted proof of claim must contain an original signature of the claimant or the claimant's authorized agent or legal representative;

(c)      each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d); and

(d)      each proof of claim, proof of interest, including any supporting documentation, must be submitted: (i) electronically on the Court's website https://www.flsb.uscourts.gov/file-proof-claim-electronically, on or before the applicable Bar Date, by completing the applicable claim form that can be accessed at the Website; or (ii) by United States mail or other hand delivery system, so as to be **actually received** by the Court on or before the applicable Bar Date at the following address:

United States Bankruptcy Court
Flagler Waterview Building
1515 North Flagler Drive, Suite 801
West Palm Beach, FL 33401

Except as expressly permitted above in the context of electronic submissions on the Court's website, proofs of claim, proofs of interest otherwise sent by facsimile or telecopy, electronic mail or other form of electronic submissions will **not** be accepted.

## VII.  Substantive Requirements of Proofs of Owner of Unit Week Interest

17.      The following requirements shall apply with respect to filing and preparing the

Proof of Owner of Unit Week interest:

(a)      each proof of Owner of Unit Week interest must (i) be written in English; (ii) include a claim or interest amount denominated in specific unit week and percentages; (iii) conform substantially with the Owner of Unit Week Interest Form provided by the Debtor; and (iv) be signed by the holder of the Owner of Unit Week interest or by an authorized agent or legal representative of the holder of the interest;

(b)      each proof of Owner of Unit Week interest other than an electronically submitted proof of Owner of Unit Week interest must contain an original signature of the claimant or the claimant's authorized agent or legal representative;

(c)      each proof of Owner of Unit Week interest must include supporting documentation to evidence the ownership interest in accordance with the same requirements as provided by Bankruptcy Rules 3001(c) and 3001(d); and

(d)    each proof of Owner of Unit Week interest, including any supporting documentation, must be submitted: (i) on the Website by completing the applicable claim form – the Proof of Owner of Unit Week Interest Form that can be accessed at the Website at https://www.eisingerlaw.com/palmbeachresort-bankruptcy/ , on or before the applicable Bar Date; or (ii) by United States mail or other hand delivery system, so as to be **actually received** by offices of Eisinger Law on or before the applicable Bar Date at the following address:

Eisinger Law
Presidential Circle, Suite 265-S
4000 Hollywood Boulevard
Hollywood, Florida 33021

(e)    Except as expressly permitted above in the context of electronic submissions on the Website, proofs of Owner of Unit Week Interest Form otherwise sent by facsimile or telecopy, electronic mail or other form of electronic submissions will **not** be accepted.

## VIII. Consequences of Failure to File a Proof of Claim Form or Proof of Interest Form

18.    In accordance with Bankruptcy Rule 3003(c)(2), any person or entity who is required, but fails, to file a proof of claim or proof of Owner of Unit Week Interest Form in accordance with the terms of the Bar Date Order on or before the applicable Bar Date shall, except as otherwise authorized by order of the Court, be forever barred, estopped and enjoined from: (a) asserting such claim against the Debtor or interest against the Condominium (or filing a proof of claim or proof of Owner of Unit Week Interest Form with respect thereto) and, moreover, the Debtor shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim or interest, (b) voting on any chapter 11 plan proposed by the Debtor, or (c) participating in any distribution on account of such claim or Owner of Unit Week interest in the Condominium or receiving further notices regarding such claim or interest in the Condominium.

**IX. Procedures for Providing Notice of Bar Date**

   **A. Actual Notice**

19.    The Debtor shall serve all known persons or entities holding potential prepetition claims or interests in the Condominium with written notice of the General Bar Date, substantially in the form annexed as **Exhibit D** (the "Bar Date Notice").

20.    The Bar Date Notice shall: (a) identify the General Bar Date; (b) provide holders of claims and Owner of Unit Week interests in the Condominium with the information necessary to allow them to make an informed decision as to whether to file a proof of claim or proof of interest; and (c) describe the procedures for filing a timely proof of claim and proof of Owner of Unit Week interest and the consequences of failing to do so.

21.    In addition, the Owners of Unit Weeks shall receive a notice with the list of parties the Debtor believes to own all of the ownership interests in the Condominium along with their respective ownership interests and notice of the General Bar Date for proofs of interest (the "Proof of Interest Bar Date Notice") as attached in Exhibit A, detailed above.

22.    No later than seven (7) calendar days after entry of the Bar Date Order, the Debtor will serve the Bar Date Notice and a Claim Form (together the "Claim Bar Date Package") by first class United States mail, postage prepaid, or by electronic mail if the parties have consented to electronic service on:

   (a)    the United States Trustee for the Southern District of Florida;
   (b)    the Subchapter V Trustee appointed in the case;
   (c)    the Internal Revenue Service;
   (d)    all persons or entities that have requested notice of the proceedings in the Bankruptcy Case;
   (e)    all persons or entities that have filed proofs of claim against the Debtor, if any;
   (f)    each of the parties on the master service list;
   (g)    all persons or enities that, upon reasonable inquiry, are believed to have conducted business with the Debtor;
   (h)    all creditors and other known holders of claims or interests against the Debtor as of the date of the Bar Date Order;
   (i)    all Owners of Unit Weeks and Defect Parties;

(j)      all non-debtor parties to executory contracts and unexpired leases;

(k)      all known parties to litigation with the Debtor, if any, including any workers compensation, general liability or other insurance claimants, whether or not any litigation has been commenced;

(l)      the United States Attorney for the Southern District of Florida;

(m)      the Office of the Attorney General for the State of Florida, and all known local governmental authorities; and

(n)      all current employees, directors and officers and former employees, directors and officers (to the extent that contact information for a former employee, director or officer is available in the Debtor's records).

23.      No later than seven (7) calendar days after entry of the Bar Date Order, the Debtor will serve the Proof of Owner of Unit Week Interest Bar Date Notice and Owner of Unit Week Interest Form (the "Proof of Owner of Unit Week Interest Bar Date Package") by first class United States mail, postage prepaid, on all Owners of Unit Weeks and Defect Parties, or by electronic mail if the party has consented to electronic service.

### B. Supplemental Mailings

24.      After the initial mailing of the Claim Bar Date Packages and Proof of Owner of Unit Week Interest Bar Date Packages, the Debtor proposes that it <u>may</u>, in its discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtor for direct mailing; and (c) additional potential holders of claims or interests that become known. In this regard, the Debtor proposes that it make supplemental mailings of the Claims Bar Date Packages and Proof of Owner of Unit Week Interest Bar Date Packages in these and similar circumstances at any time up to twenty-one (21) days in advance of the applicable Bar Date, with any such mailings being deemed timely and the General Bar Date being applicable to the recipient holders of claims or interests.

### C. Publication of Bar Date Notice

25.     The Debtor shall cause notice of the Bar Dates to be given by publication to creditors and interest holders to whom notice by mail is impracticable, including creditors or interest holders who are unknown or not reasonably ascertainable by the Debtor and creditors or interest holders in the Condominium whose identities are known but whose addresses are unknown by the Debtor. The Debtor proposes to publish the Bar Date Notice, modified for publication, substantially in the form attached hereto as **Exhibit E** (the "Publication Notice"), on one occasion in the South Florida Business Journal and on one occasion in the Wall Street Journal, USA Today, or any other national publication,  and before the date that is at least twenty-eight (28) days before the General Bar Date.

## X. Miscellaneous

26.     The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

27.     The terms and conditions of this Order shall be immediately effective and enforceable.

28.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

**Submitted by:**

Ido Alexander, Esq.
Leiderman Shelomith Alexander +Somodevilla, PLLC
2699 Stirling Road, Suite C401
Ft. Lauderdale, FL 33312
Telephone (954) 920-5355
Facsimile (954) 920-5371
ija@lsaslaw.com

[Attorney ALEXANDER is directed to serve copies of this order on all interested parties and to file a certificate of service.]

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                                    Case No. 21-15555-BKC-EPK

PALM BEACH RESORT AND BEACH CLUB            Chapter 11
CONDOMINIUM ASSOCIATION, INC.,

      Debtor-in-Possession.
_____/

**NOTICE OF FILING
(I) LIST OF OWNERS OF UNIT WEEKS AND (II) BAR DATE
APPLICABLE TO CONDOMINIUM OWNERSHIP OF
UNIT WEEK INTEREST CLAIMS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On June 16, 2021 the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") entered the Order (i) Establishing Certain Notice And Service Procedures; (ii) Setting Bar Dates For Filing Proofs Of Claim And Proofs Of Owner Of Unit Week Interest;(iii) Approving The Form Of And Manner For Filing Proofs Of Claim And Proofs Of Unit Week Interest, And (iv) Approving Notice Thereof  [ECF # 11], which among other things, set **August 25, 2021** (the "General Bar Date") as the deadline for each person or entity to file a proof of claim or proof of Owner of Unit Week interest in the captioned bankruptcy proceedings (the "Bankruptcy Case"); *provided*, *however*, that the deadline for filing a proof of claim for a government unit shall be December 1, 2021.

2.      Palm Beach Resort and Beach Club Condominium Association, Inc. (the "Debtor") List of Owners of Unit Weeks for the condominium located at 3031 S. Ocean Boulevard, Palm Beach, Florida (the "Condominium"), a copy of which is located at the following website: https://www.eisingerlaw.com/palmbeachresort-bankruptcy/

3.      The General Bar Date and the procedures set forth below for filing proofs of Owner of Unit Week Interest Form apply to all interests based on and/or arising from the Condominium (each, an "Interest"), which Interest arose on or prior to June 4, 2021, the date the captioned debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Petition Date").

4.      Only those parties contained on the List of Owners of Unit Weeks in the Condominium, as appearing on the website address https://www.eisingerlaw.com/palmbeachresort-bankruptcy/ , will constitute holders of allowed

Owner(s) of Unit Week Interests in the percentages reflected on such list. If you have an ownership of unit week interest in the Condominium that arose on or prior to the Petition Date, and (i) you are **not listed** on the List of Owners of Unit Weeks in the Condominium; or (ii) you **disagree** with the Unit numbers/weeks and/or percentages of ownership reflected on the List of Owner of Unit Weeks in the Condominium as to your Interest(s), you must file a proof of Owner of Unit Week Interest Form ("Proof of Owner of Unit Week Interest") detailing the amount of your Interest by the General Bar Date.  **You do not have to file a Proof of Owner of Unit Week Interest if you do not dispute the information listed on Exhibit A as it relates to your ownership interest(s).**

5.      Please use the form attached hereto to file your Proof of Owner of Unit Week Interest.  All Proof of Owner of Unit Week Interest Forms must be signed by the holder of such Interest or by an authorized agent of the holder of such Interest. each proof of Owner of Unit Week interest, including any supporting documentation, must be submitted: (i) on the Website by completing the applicable claim form – the Proof of Owner of Unit Week Interest Form that can be accessed at at https://www.eisingerlaw.com/palmbeachresort-bankruptcy/ , **on or before August 25, 2021**; or (ii) by United States mail or other hand delivery system, so as to be **actually received** by the Eisinger Law on or before on or before August 25, 2021 at the following address:

> **Eisinger Law**
> **Presidential Circle, Suite 265-S**
> **4000 Hollywood Boulevard**
> **Hollywood, Florida 33021**

Proofs of Units Week Interest Form sent by facsimile or telecopy, electronic mail or other form of electronic submissions will **not** be accepted.

6.      If you require further information regarding the Debtor or the Bankruptcy Case, information and pleadings are available online at the following address: https://www.eisingerlaw.com/palmbeachresort-bankruptcy/

Dated: June 24, 2021

> **LEIDERMAN SHELOMITH ALEXANDER + SOMODEVILLA, PLLC**
> *Attorneys for Palm Beach Resort and Beach Club Condominium Association, Inc.*
> 2699 Stirling Road, Suite C401
> Ft. Lauderdale, Florida 33312
> Telephone: (954) 920-5355
> Facsimile: (954) 920-5371
> By:_____/s/ _____
>         IDO J. ALEXANDER
>         Florida Bar No. 51892
>         Email: ija@lsaslaw.com

**Fill in this information to identify the case:**

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number _____

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:    Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) _____<br><br>Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes.  From whom? _____ |

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name _____ | Name _____ |
| Number        Street | Number        Street |
| City                State            ZIP Code | City                State            ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known) _____        Filed on _____<br>MM  /  DD  / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes.  Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

---

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $_____

**Amount of the claim that is secured:**  $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

---

| | | Amount entitled to priority |
|---|---|---|

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                   MM / DD  / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name  _____
      First name          Middle name          Last name

Title  _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number        Street

         _____
         City                          State      ZIP Code

Contact phone  _____        Email  _____

---

**Exhibit C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                                  Case No. 21-15555-BKC-EPK

PALM BEACH RESORT AND BEACH CLUB          Chapter 11
CONDOMINIUM ASSOCIATION, INC.,

        Debtor-in-Possession.
_____/

## PROOF OF OWNER OF UNIT WEEK INTEREST IN CONDOMINIUM

The undersigned hereby certifies that the party listed below is the holder of a tenant in common interest in one or more unit week interests in the units located at 3031 S. Ocean Boulevard, Palm Beach, Florida as of June 4, 2021 in the Unit(s) and ownership percentages indicated below:

Name of Holder:             _____
Address of Holder:          _____
                            _____
                            _____
Unit and Week Number(s):    _____

Percentage Owned for
each Unit:                  _____

I declare under penalty of perjury that the foregoing is true and correct.

Signed:_____
Name:_____
Title:_____
Date:_____

Each proof of Owner of Unit Week Interest Form, including any supporting documentation, must be submitted: (i) electronically on the following website https://www.eisingerlaw.com/palmbeachresort-bankruptcy/ , on or before August 25, 2021 or (ii) by United States mail or other hand delivery system, so as to be **actually received** by Eisinger Law on or before August 25, 2021 at the following address: Eisinger Law, Presidential Circle, Suite 265-S, 4000 Hollywood Boulevard, Hollywood, Florida 33021. Proofs of interest sent by facsimile or telecopy, electronic mail or other form of electronic submissions will **not** be accepted.

**Exhibit D**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                                      Case No. 21-15555-BKC-EPK

PALM BEACH RESORT AND BEACH CLUB            Chapter 11
CONDOMINIUM ASSOCIATION, INC.,

       Debtor-in-Possession.

_____/

**NOTICE OF DEADLINES FOR THE FILING
OF PROOFS OF CLAIM AND PROOFS OF OWNER OF UNIT WEEK INTEREST**

**TO ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST THE
CAPTIONED DEBTOR OR PROPERTY SOLD BY THE DEBTOR PLEASE TAKE
NOTICE THAT:**

      1.     On June 4  2021, ("Petition Date"), commenced the captioned chapter 11 case (the "Bankruptcy Case") by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida.

      2.     On June 16, 2021 the Court entered an order,  the ("Bar Date Order") establishing certain dates by which parties (a) holding prepetition claims[1] against the Debtor must file proofs of claim ("Proofs of Claim") and (b) holding an ownership interest in the real property located at 3031 S. Ocean Boulevard, Palm Beach, Florida (the "Condominium") must file a proof of Owner of Unit Week Interest ("Proof of Owner of Unit Week Interest Form"). For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form.  If you hold an ownership interest in the Condominium you will also be receiving a Proof of Owner of Unit Week Interest Bar Date Notice and a Proof of Owner of Unit Week Interest Form.

**I. The Bar Dates**

      3.     The Bar Date Order establishes the following bar dates for filing Proofs of Claim or Proof of Interest in this Bankruptcy Case (the "Bar Dates"):

---

[1] As used in this Notice, the term "claim" means, as to or against the Debtor and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

(a) **<u>The General Bar Date</u>**. Pursuant to the Bar Date Order, except as described below, all entities holding claims against any Debtor that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, ***are required to file Proofs of Claim or Proof of Owner of Unit Week Interest so that such Proofs of Claim or Proofs of Owner of Unit Week Interest are actually received by the Court (or if Proof of Claim of Unit Week Interest to specified Website or Court by Mail) by August 25, 2021*** (the "General Bar Date"). The General Bar Date applies to all types of claims against the Debtor or parties holding an interest in the Condominium arising before the Petition Date, including, without limitation, secured claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code.

(b) **<u>The Governmental Bar Date</u>**.  Pursuant to the Bar Date Order, all governmental units holding claims against the Debtor that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim so that such Proofs of Claim are actually received by December 1, 2021 (the "Governmental Bar Date"). The Governmental Bar Date applies to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

(c) **<u>The Amended Schedules Bar Date</u>**.  Pursuant to the Bar Date Order, in the event the Debtor files a previously unfiled schedule or amend or supplement its schedules of assets and liabilities filed pursuant to Bankruptcy Rule 1007 (collectively, the "Schedules"), the Debtor proposes that the Court establish the later of: (a) the General Bar Date or the Governmental Bar Date, as applicable depending on the claimant, or (b) 4:30 p.m., prevailing Eastern Time, on the date that is 21 days from the date on which the Debtor provides notice of the previously unfiled Schedule or amendment or supplement to the Schedules, as the deadline on or before which claimants holding claims affected by such filing, amendment, or supplement must file Proofs of Claim with respect to such claim so that such Proofs of Claim are actually received by the Court on or before such date (the "Amended Schedules Bar Date").

## II. Who Must File a Proof of Claim or Proof of Owner of Unit Week Interest

4.     Except as otherwise set forth herein, the following persons or entities holding claims against the Debtor that arose (or that are deemed to have arisen) prior to the Petition Date *must* file a Proof of Claim or Proof of Owner of Unit Week Interest on or before the applicable Bar Date:

(a)     any party that is not listed in part IV below that wishes to assert a claim against the Debtor or Owner of Unit Week interest against the Condominium that arose prior to the Petition Date;

(b)     any entity whose claim against the Debtor is not listed in the Debtor's Schedules and Statements or is listed as "contingent," "unliquidated," or "disputed" and if such entity desires to participate in the Bankruptcy Case or share in any distribution in the Bankruptcy Case;

(c)     any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

(d)     any person or entity whose has a tenant in common Owner of Unit Week interest(s) in the Condominium that is/are not listed on the *Notice of List of Owners of Unit Weeks* which reference the Website https://www.eisingerlaw.com/palmbeachresort-bankruptcy/ , or is/are listed and disagrees with the Unit number(s) and/or ownership percentage interest(s) listed on the website address included in the *Notice of List of Owners of Unit Weeks*; and

(e)     any person or entity that has a tenant in common interest in the Condominium, and you have a claim against the Debtor that is not listed in the Debtor's Schedules or if scheduled, you disagree with the amount or the classification of such claim, you must timely file a Claim Form if you wish to assert a claim against the Debtor.

## III. Parties Who <u>Do Not Need to File</u> Proofs of Claim or Proof of Owner of Unit Week Interest

5.     Certain parties are not required to file Proofs of Claim or Proof of Owner of Unit Week Interest. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim or Proofs of Interest for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims or interests that would otherwise be subject to the General Bar Date or Governmental Bar Date **need *not* file** Proofs of Claims or Proofs of Interest:

(a)     any person or entity that already has filed a signed proof of claim against the Debtor with the Clerk of the Court in a form substantially similar to Official Form;

(b)     any person or entity whose tenant in common Owner of Unit Week interest(s) in the Condominium is/are listed on the website address https://www.eisingerlaw.com/palmbeachresort-bankruptcy/ included in the *Notice of List of Owners of Unit Weeks* included in the Proof of Interest Bar Date Notice (defined below), and attached hereto as **Exhibit A,** and such person or entity **does not disagree** with the ownership percentage interest(s) listed on such Notice;

(c)     any person or entity whose claim or interest is listed on the Debtor's Schedules and Statements, but only if: (i) such claim or interest is not scheduled as "contingent", "unliquidated" or "disputed"; (ii) the holder of the claim or interest agrees with the amount, nature and priority of the claim or interest as set forth on the Debtor's Schedules and Statements; and (iii) the holder of the claim or interest does not dispute that the claim or interest is an obligation of the Debtor as set forth in the Schedules and Statements;

(d)     a holder of a claim or interest that has been paid in full by the Debtor or any other party;

(e)     any entity whose claim previously has been allowed by order of the Court;

(f)     a holder of a claim for which a specific deadline to file a claim previously has been fixed by the Court;

(g)     a current employee of the Debtor, if an order of this Court authorized the Debtor to honor such claim in the ordinary course of business as a wage, commission, or benefit; provided, however that a current or former employee must submit a Claim Form by the General Bar Date for all other claims, including claims for deferred compensation, wrongful termination, discrimination, harassment, hostile work environment, retaliation, claims covered by the Debtor's workers' compensation insurance, or any other litigation or pre-litigation claim.

(h)     administrative expense claims for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code; or

(i)     claims asserting administrative priority and arising in the ordinary course of business (**but not**, for the avoidance of doubt, claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code).

## IV. Instructions for Filing Proof of Claim Form

6.     The following requirements shall apply with respect to filing and preparing each Proof of Claim against the Debtor:

(a)     each claim and interest must (i) be written in English; (ii) include a claim or interest amount denominated in United States dollars (and to the extent such claim or interest is converted to United States dollars, the conversion rate used in such conversion); (iii) conform substantially with the Claim Form or Interest Form provided by the Debtor; and (iv) be signed by the holder of the claim or interest or by an authorized agent or legal representative of the holder of the claim or interest;

(b)     Each proof of claim other than an electronically submitted proof of claim must contain an original signature of the claimant or the claimant's authorized agent or legal representative;

(c)     each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d); and

(d)     each proof of claim, including any supporting documentation, must be submitted: (i) electronically on the Court's website https://www.flsb.uscourts.gov/file-proof-claim-electronically, on or before the applicable Bar Date, by completing the applicable claim form that can be accessed at https://www.eisingerlaw.com/palmbeachresort-bankruptcy/ (the "Website"); or (ii) by

United States mail or other hand delivery system, so as to be **actually received** by the Court on or before the applicable Bar Date at the following address:

> United States Bankruptcy Court
> Flagler Waterview Building
> 1515 North Flagler Drive, Suite 801
> West Palm Beach, FL 33401

Except as expressly permitted above in the context of electronic submissions on the Court's website, proofs of claim, proofs of interest otherwise sent by facsimile or telecopy, electronic mail or other form of electronic submissions will **not** be accepted.

**V. Instructions for Filing Proof of Owner of Unit Week Interest Form**

7.    The following requirements shall apply with respect to filing and preparing the Proof of Owner of Unit Week interest:

(a)    each proof of Owner of Unit Week interest must (i) be written in English; (ii) include a claim or interest amount denominated in specific unit week and percentages; (iii) conform substantially with the Owner of Unit Week Interest Form provided by the Debtor; and (iv) be signed by the holder of the Owner of Unit Week interest or by an authorized agent or legal representative of the holder of the interest;

(b)    each proof of Owner of Unit Week interest other than an electronically submitted proof of Owner of Unit Week interest must contain an original signature of the claimant or the claimant's authorized agent or legal representative;

(c)    each proof of Owner of Unit Week interest must include supporting documentation to evidence the ownership interest in accordance with the same requirements as provided by Bankruptcy Rules 3001(c) and 3001(d); and

(d)    each proof of Owner of Unit Week interest, including any supporting documentation, must be submitted: (i) on the Website by completing the applicable claim form – the Proof of Owner of Unit Week Interest Form that can be accessed at the Website at https://www.eisingerlaw.com/palmbeachresort-bankruptcy/ , on or before the applicable Bar Date; or (ii) by United States mail or other hand delivery system, so as to be **actually received** by Eisinger Law on or before the applicable Bar Date at the following address:

> Eisinger Law
> Presidential Circle, Suite 265-S
> 4000 Hollywood Boulevard
> Hollywood, Florida 33021

(e)    Except as expressly permitted above in the context of electronic submissions on the Website, proofs of Owner of Unit Week Interest Form otherwise

sent by facsimile or telecopy, electronic mail or other form of electronic submissions will **not** be accepted.

## VI. Consequences of Failing to Timely File Your Proof of Claim Form or Proof of Owner of Unit Week Interest Form

8.    Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you are required, but fail, to file a Proof of Claim or file the Proof of Owner of Unit Week Interest Form in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

(a) YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR OR INTEREST AGAINST THE CONDOMINIUM (OR FILING A PROOF OF CLAIM OR PROOF OF OWNER OF UNIT WEEK INTEREST WITH RESPECT THERETO IN THE BANKRUPTCY CASE);

(b) THE DEBTOR SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM OR INTEREST;

(c) YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THE BANKRUPTCY CASE ON ACCOUNT OF THAT CLAIM OR OWNER OF UNIT WEEK INTEREST IN THE CONDOMINIUM; AND

(d) YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN BY THE DEBTOR ON ACCOUNT OF THAT CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM OR OWNER OF UNIT WEEK INTEREST.

## VI. Amendment to the Debtor's Schedules

9.    If, subsequent to the date of this Notice, the Debtor files a previously unfiled Schedule or amend or supplement its Schedules to reduce the amount of your claim or interest previously listed in the Schedules as undisputed, noncontingent, and liquidated, or to change the nature or classification of your claim reflected in the Schedules, you are required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the additional or amended scheduled claim on or before the later of (a) the General Bar Date or the Governmental Bar Date, as applicable to such claim, or (b) 4:30 p.m. prevailing Eastern Time on the date that is 21 days after the date that on which the Debtor provides notice of the filing, amendment, or supplement to the Schedules (or another time period as may be fixed by the Court)

## VII. The Debtor's Schedules and Access Thereto

10.    You may be listed as the holder of a claim against the Debtor on the Debtor's Schedules. It is your responsibility to determine that your claim is accurately listed in the Schedules.  If you agree with the nature, amount, and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or

"unliquidated," you need **not** file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII. Additional Information

11.    If you wish to obtain copies of the Debtor's Schedules, the Bar Date Order, the Notice of List of Owners of Unit Weeks and other information regarding the Bankruptcy Case are available for inspection free of charge on the website at https://www.eisingerlaw.com/palmbeachresort-bankruptcy/.  If you have questions about the claims process or concerning the filing or processing of claims or interests, you may contact Debtor counsel and Special counsel for via electronic mail at pbrbankruptcy@gmail.com. **Please note that they cannot advise you how to file, or whether you should file a proof of claim or proof of Owner of Unit Week Interest Form.**

**THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTOR BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTOR OR MAY HAVE HAD AN OWNERSHIP INTERST IN THE CONDOMINIUM IN THE PAST.  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR INTEREST IN THE CONDOMINIUM OR THAT THE DEBTOR OR THE COURT BELIEVE THAT YOU HAVE ANY CLAIM. A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR OR POSSIBLE INTEREST IN THE CONDOMINIUM SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM OR PROOF OF INTEREST.**

## Reservation of Rights

12.    Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the rights of the Debtor or any party in interest to: (a) dispute, or assert offsets or defenses against, any claim asserted by a Proof of Claim or listed on the Schedules or asserted by a Proof of Interest or listed on the Notice of List of Owners of Unit Weeks, (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and otherwise amend or supplement the Schedules or otherwise amend the Notice of List of Owners of Unit Weeks.

**Exhibit E**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                                    Case No. 21-15555-BKC-EPK

PALM BEACH RESORT AND BEACH CLUB          Chapter 11
CONDOMINIUM ASSOCIATION, INC.,

      Debtor-in-Possession.
_____/

**NOTICE OF DEADLINES FOR THE FILING
OF PROOFS OF CLAIM AND PROOFS OF OWNER OF UNIT WEEK  INTEREST**

**TO ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS OR UNIT WEEK
INTERESTS AGAINST THE CAPTIONED DEBTOR AND OR PROPERTY SOLD BY THE
DEBTOR PLEASE TAKE NOTICE THAT:**

**Entry of Bar Date Order**: On June 16, 2021, the United States Bankruptcy Court for the
Southern District of Florida (the "Court") entered an order (the "Bar Date Order") in the
captioned chapter 11 bankruptcy case (the "Bankruptcy Case") establishing certain dates by
which parties (a) holding prepetition claims[2] against Palm Beach Resort and Beach Club
Condominium Association Inc. (the "Debtor") must file proofs of claim ("Proofs of Claim"), and
(b) holding an ownership interest in the real property located at 3031 S. Ocean Boulevard,
Palm Beach, Florida (the "Condominium") must file a proof of Owner of Unit Week Interest
("Proof of Unit Week Interest") with the Court.

**The Bar Dates**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim or Proof of
Interest in this Bankruptcy Case (the "Bar Dates"):

**The General Bar Date**. Except as described in the Bar Date Order, all entities holding claims
against any Debtor that arose or are deemed to have arisen prior to the commencement of
these cases on the Petition Date, ***are required to file Proofs of Claim or Proof of Owner
of Unit Week Interest so that such Proofs of Claim or Proofs of Owner of Unit Week
Interest are actually received by the Court by August 25, 2021***, (the "General Bar Date").

---

[2] As used in this Notice, the term "claim" means, as to or against the Debtor and in accordance with section
101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment,
liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable,
secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach
gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment,
fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

The General Bar Date applies to all types of claims against the Debtor or parties holding an interest in the Condominium arising before the Petition Date, including, without limitation, secured claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code.

**The Governmental Bar Date**.  Pursuant to the Bar Date Order, all governmental units holding claims against the Debtor that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim so that such Proofs of Claim are actually received by December 1, 2021 (the "Governmental Bar Date"). The Governmental Bar Date applies to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

**The Amended Schedules Bar Date**.  Pursuant to the Bar Date Order, in the event the Debtor files a previously unfiled schedule or amend or supplement its schedules of assets and liabilities filed pursuant to Bankruptcy Rule 1007 (collectively, the "Schedules"), the Debtor proposes that the Court establish the later of: (a) the General Bar Date or the Governmental Bar Date, as applicable depending on the claimant, or (b) 4:30 p.m., prevailing Eastern Time, on the date that is 21 days from the date on which the Debtor provides notice of the previously unfiled Schedule or amendment or supplement to the Schedules, as the deadline on or before which claimants holding claims affected by such filing, amendment, or supplement must file Proofs of Claim with respect to such claim so that such Proofs of Claim are actually received by the Court on or before such date (the "Amended Schedules Bar Date").

**EXCEPT AS TO CERTAIN EXCEPTIONS EXPLICITLY SET FORTH IN THE BAR DATE ORDER, ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM OR PROOF OF OWNER OF UNIT WEEK INTEREST ON OR BEFORE THE APPLICABLE BAR DATES SHALL NOT BE TREATED AS A CREDITOR OR OWNERSHIP INTEREST HOLDER OF THE CONDOMINIUM FOR PURPOSES OF VOTING AND/OR DISTRIBUTION**

**Contents for Proofs of Claim and Proofs of Owner of Unit Week Interest, Timely Service, and Additional Information** all information with detailed explanation is found on the following website:  https://www.eisingerlaw.com/palmbeachresort-bankruptcy/ .